**KANE KESSLER, P.C.**
Attorneys for Defendants
Gameloft, Inc. and Gameloft, S.A.
433 Hackensack Avenue
Hackensack, New Jersey 07601-6319
(201) 487-2828

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------------------

JODEE LYNN SHEMONSKY,

                                Plaintiff,

             -against-

GAMELOFT, INC. and GAMELOFT, S.A.,

                             Defendants.

CIVIL ACTION NO.
09-cv-00943 (RMB)(JS)

**ANSWER TO**
**AMENDED COMPLAINT**

------------------------------------------------------------------------

Defendants, Gameloft, Inc. and Gameloft, S.A. (collectively, "Defendants"), by and through their attorneys, Kane Kessler, P.C., as and for their answer to the Amended Complaint (the "Complaint") of Plaintiff, Jodee Lynn Shemonsky ("Plaintiff"), allege as follows:

      1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

      2.      Admit the allegations set forth in paragraph "2" of the Complaint, except deny that Gameloft S.A. has ever had a business address of 45 West 25th Street, 9th Floor, N.Y. 10010, as alleged in paragraph "2" of the Complaint.

      3.      Paragraph "3" of the Complaint is a conclusion of law to which no response is required.  To the extent the Court requires a response, Defendants deny the

allegations set forth in paragraph "3" and respectfully refer all questions of law to the Court for its determination.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, and respectfully refer the Court to the Notice of Right to Sue, annexed as Exhibit "A" to the Complaint, for its full content and meaning.

5.      Paragraph "5" of the Complaint is a conclusion of law to which no response is required.  To the extent the Court requires a response, Defendants deny the allegations set forth in paragraph "5" and respectfully refer all questions of law to the Court for its determination.

6.      Paragraph "6" of the Complaint is a conclusion of law to which no response is required.  To the extent the Court requires a response, Defendants deny the allegations set forth in paragraph "6" and respectfully refer all questions of law to the Court for its determination.

7.      Admit the allegations set forth in paragraph "7" of the Complaint.

8.      Admit the allegations set forth in paragraph "8" of the Complaint, except deny knowledge or information sufficient to form a belief as to the locations of the headquarters for Verizon Wireless and Virgin Mobile USA.

9.      Admit that Plaintiff was promoted to the position of Senior Account Manager in or around 2006.

10.     Admit the allegations set forth in paragraph "10" of the Complaint.

11.     Admit that the majority of employees at Gameloft Inc. are male and deny the allegation that many of defendants' employees are "foreign."

12.      Deny the allegations set forth in paragraph "12" of the Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, and affirmatively state that Defendants never discriminated against and/or harassed Plaintiff based upon her sex or any other protected category under either federal, state, or local laws.

14.      Deny the allegations set forth in paragraph "14" of the Complaint.

15.      Deny the allegations set forth in paragraph "15" of the Complaint, and respectfully refer the Court to the e-mail, dated July 19, 2007, from Plaintiff to Gonzague de Vallois ("Vallois") for its full content and meaning.

16.      Deny the allegations set forth in paragraph "16" of the Complaint.

17.      Deny the allegations set forth in paragraph "17" of the Complaint, and respectfully refer the Court to the e-mail, dated October 26, 2007, from Plaintiff to Vallois for its full content and meaning.

18.      Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to the e-mail, dated October 30, 2007, from deVallois to Plaintiff for its full content and meaning.

19.      Admit that Houssain Elguertit told Plaintiff that he would bring her flowers if it would make her feel better, and deny knowledge or information sufficient to form a belief as to what Plaintiff "felt."

20.      Deny the allegations set forth in paragraph "20" of the Complaint, and respectfully refer the Court to the e-mail, dated November 21, 2007, from Plaintiff to Vallois for its full content and meaning.

21.    Deny the allegations set forth in paragraph "21" of the Complaint, and respectfully refer the Court to the e-mail, dated November 27, 2007, from Plaintiff to Vallois for its full content and meaning.

22.    Deny the allegations set forth in paragraph "22" of the Complaint.

23.    Deny the allegations set forth in paragraph "23" of the Comaplaint, and deny knowledge or information sufficient to form a belief as to Plaintiff's being "offended."

24.    Deny the allegations set forth in paragraph "24" of the Complaint, and respectfully refer the Court to the e-mail, dated December 11, 2007, from Plaintiff to Vallois for its full content and meaning.

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Admit the allegations set forth in paragraph "26" of the Complaint.

27.    Admit the allegations set forth in paragraph "27" of the Complaint.

28.    Admit the allegations set forth in paragraph "28" of the Complaint, except admit that Defendant Gameloft, Inc. retained the services of an independent investigator, who is well experienced in labor and employment law, to conduct an impartial investigation into Plaintiff's claims.

29.    Admit the allegations set forth in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    Admit the allegations set forth in paragraph "31" of the Complaint, and respectfully refer the Court to the e-mail, dated January 29, 2008, to Plaintiff for its full content and meaning.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, and respectfully refer the Court to the Final Report of Independent Investigator of Alfred G. Feliu, Esq., dated January 28, 2008, for its full content and meaning.

33.     Defendants respectfully refer the Court to the Final Report of Independent Investigator of Alfred G. Feliu, Esq., dated January 28, 2008, for its full content and meaning.

34.     Defendants respectfully refer the Court to the Final Report of Independent Investigator of Alfred G. Feliu, Esq., dated January 28, 2008, for its full content and meaning.

35.     Defendants respectfully refer the Court to the Final Report of Independent Investigator of Alfred G. Feliu, Esq., dated January 28, 2008, for its full content and meaning.

36.     Defendants respectfully refer the Court to the correspondence, dated February 12, 2009, from Plaintiff's attorney to Gameloft, Inc. for its full content and meaning.

37.     Admit that Plaintiff was terminated from her employment with Gameloft, Inc. on February 15, 2009.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" o the Complaint, and respectfully refer the Court to the correspondence from counsel for Defendants to Plaintiff for its full content and meaning.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Admit the allegations set forth in paragraph "41" of the Complaint, except affirmatively state that Plaintiff was not awarded a bonus for the first fiscal quarter of 2008.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT I – TITLE VII

44.     Defendants repeat and reallege each and every response to paragraphs "1" through "43" of the Complaint as if same were fully set forth at length herein.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT II – NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A 10:5-1 ET SEQ.

47.     Defendants repeat and reallege each and every response to paragraphs "1" through "46" of the Complaint as if same were fully set forth at length herein.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT III – NEW YORK STATE AND NEW YORK CITY CIVIL RIGHTS LAW

50.     Defendants repeat and reallege each and every response to paragraphs "1" through "49" of the Complaint as if same were fully set forth at length herein.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    This Court does not have personal jurisdiction over defendant Gameloft, S.A.

## THIRD AFFIRMATIVE DEFENSE

3.    Gameloft, S.A. is not a proper party to this action.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendants did not discriminate against Plaintiff based on her gender or any other basis protected under federal, state and local laws.

## FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff cannot recover under both New Jersey and New York state laws.

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff's termination from her employment was based solely upon her poor performance and inability to effectively work with other employees.

**WHEREFORE,** for the reasons set forth above, Defendants respectfully request that the Complaint be dismissed in its entirety, that the relief sought therein be denied, together with costs and such other, further and different relief as to the Court seems just and proper.

Dated:  New York, New York
        April 9, 2009

> **KANE KESSLER, P.C.**
>
> By: _____
>       Arthur M. Rosenberg
>       Judith Stoll
>       Gerard Schiano-Strain
>       *Attorneys for Defendants*
>       433 Hackensack Avenue
>       Hackensack, New Jersey 07601-6319
>       (201) 487-2828

TO:
Christine P. O'Hearn, Esq.
**BROWN & CONNERY LLP**
*Attorneys for Plaintiff*
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900